FILED

MAY 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ALLAN PIERCE, Sr., | No. 12-57296 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-09463-SVW-FMO |
| v. | |
| SANTA MARIA JOINT UNION HIGH SCHOOL DISTRICT, a municipal government entity, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 5, 2015**
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

The district court granted the defendant Santa Maria Joint Union High

School District's motion to dismiss all of plaintiff Mark Allan Pierce's claims

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

except his Title VII claim for disparate treatment. The district court later granted Santa Maria's motion for summary judgment on that one remaining claim. Pierce appeals those decisions, as well as the district court's refusal to sanction Santa Maria under Federal Rule of Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291.

Santa Maria is immune from a lawsuit under 42 U.S.C. § 1983 because Santa Maria is a state agency for purposes of the Eleventh Amendment. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992) (holding California school districts are state agencies for purposes of the Eleventh Amendment); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought."). The district court therefore correctly dismissed Pierce's claims arising under § 1983.

The district court was correct that Pierce's complaint failed to state a claim for discrimination under Title VII. Pierce attempts to bring a discrimination claim on behalf of students he claims were mistreated. He does not have standing to assert such a claim. *See McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870,

881 (9th Cir. 2011) (explaining that a plaintiff cannot challenge discriminatory policies under Title VII if the policies do not discriminate against the plaintiff). Moreover, Pierce's complaint does not adequately allege a Title VII claim that he was demoted in retaliation for his complaints about discrimination in the school district. Pierce acknowledges he never pleaded a Title VII retaliation claim explicitly, but argues his complaint contains sufficient allegations to state such a claim. Pierce does not point us to which allegations in his lengthy, disjointed complaint he contends support a Title VII retaliation claim. We cannot do that work for him. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 987 (9th Cir. 2011) ("[W]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (citation omitted)).

The district court was correct to hold Pierce failed to state a claim for a hostile work environment under Title VII. "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). Most of Pierce's allegations refer to hostile incidents the students

3

experienced at his school. Those allegations that concern Pierce's experience, taken as true, do not establish a hostile work environment. All but one of the allegations describe incidents of racial hostility by students and are not attributable in any way to Pierce's employer. The one allegation that is attributable to Pierce's employer comes from a fellow assistant principal, not a supervisor, where that assistant principal made a racially charged statement to a student's grandmother outside of Pierce's presence. But that isolated statement is insufficient to establish a hostile work environment. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119 (9th Cir. 2004) ("If . . . the harasser is merely a coworker, the plaintiff must prove that . . . the employer knew or should have known of the harassment but did not take adequate steps to address it." (citation omitted)). The co-worker's statement would be insufficient to establish a hostile work environment even if he were Pierce's supervisor. *See Vasquez*, 349 F.3d at 644.

The district court did not abuse its discretion in denying Pierce's discovery requests because they went "beyond the scope" of his disparate-treatment claim, the sole claim that survived Santa Maria's motion to dismiss. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003). Nor did the district court abuse its discretion when its refused to delay its decision on summary judgment so Pierce could obtain further discovery. Pierce had ample opportunity

4

to obtain evidence in support of his claims.  *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011).

The district court did not abuse its discretion when it denied Pierce's motion for sanctions.  *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) ("An appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." (citation omitted)).  Pierce points to no authority that an attorney's decision to give documents to his client that the opposing party filed on a public docket somehow constitutes sanctionable conduct.  Nor could we find any.[1]

**AFFIRMED.**

---

[1] To the extent Pierce understands himself to be making additional arguments on appeal, such arguments were insufficiently explained to be preserved.  *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").